DENNIS K. BURKE
United States Attorney
District of Arizona
DAVID R. ZIPPS
Assistant U.S. Attorney
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701-5040
Telephone: (520) 620-7300
Email: david.zipps@usdoj.gov
Attorneys for Plaintiff



UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

**VICTIM CASE**

CR10-1557 TUC

United States of America,

    Plaintiff,

v.

Lynda Villasenor,

    Defendant.

**INDICTMENT**

Violation
18 U.S.C. § 157
Bankruptcy Fraud

**THE GRAND JURY CHARGES:**

**Introductory Allegations**

1. From in or about 2006, and continuing until in or about October 2009, defendant Lynda Villasenor did knowingly and voluntarily devise and implement a scheme or artifice to defraud Henry Parmley ("Parmley"), a retired pipefitter living in Tucson, and Maria Quijada ("Quijada"), another Tucson resident.

2. At the time Parmley met Villasenor in or about 2005, he lived at 4541 South Seymour Road, Tucson, Arizona, a house he had owned since 1995 ("South Seymour residence"). At this time, Parmley's assets included the house, valued at approximately $100,000 to $125,000 and subject to a $28,000 mortgage; bank accounts totaling approximately $20,000; an acre of undeveloped property in Concho Valley, Arizona that he purchased for $9,000; two annuities with an accumulated value (by 2008) of approximately

$65,000; a 17-foot boat; automobiles that he reconditioned in his free time valued at approximately $36,000; and various other personal property, including furniture in his house and gun and tool collections. Parmley was also receiving a monthly pension of approximately $1,396 and monthly social security payments of approximately $1,047.

3. Through fraud and false statement, Villasenor gained control of Parmley's property described above and sold, depleted, or exhausted all of his assets, leaving him in or on the brink of financial ruin. Villasenor disposed of Parmley's personal property; she cashed (or caused Parmley to cash for her benefit) various social security and pension checks; she ran up a balance during August 2008 of approximately $17,000 on a credit card issued in Parmley's name; she depleted (or caused Parmley to deplete for her benefit) his bank accounts; she caused Parmley to surrender his annuities, incurring $9,402.29 in penalties and approximately $11,000 in tax liability, and used the proceeds of approximately $55,000 for her benefit; and she refinanced (or caused Parmley to refinance) the mortgage on the South Seymour residence, increasing the mortgage debt by approximately $30,000 and keeping approximately $24,000 for her benefit.

4. Through fraud and false statement, Villasenor also convinced Parmley to leave the South Seymour residence to live in a house that was in foreclosure that had no furniture or running water. She then purported to sell the South Seymour residence free and clear of all encumbrances to Quijada, when in fact, the South Seymour residence was encumbered by the mortgage that Villasenor had negotiated. From July 2009 to October 2009, Quijada made payments to Villasenor of $3,384 towards the purchase price of the South Seymour residence. Quijada also made a payment to Tucson Water of $242.30 because the water company shut off water to the South Seymour residence because the water had been illegally turned on after being shut off for nonpayment.

Indictment, page 2
US v. Villasenor

5. Because no payments were being made on the mortgage on the South Seymour residence, the mortgage went into foreclosure, and a foreclosure sale was scheduled for September 1, 2009. The day prior to the sale, Villasenor filed in Parmley's name a petition in bankruptcy, Bankruptcy Petition No. 09-21227-TUC-EWH, which had the effect of preventing the foreclosure sale from going forward, keeping title in Parmley's name and forestalling Quijada from discovering that the house that she had purchased was not, in fact, hers.

### Bankruptcy Fraud
### 18 U.S.C. § 157

6. From in or about 2006 to on or about August 31, 2009, at or near Tucson, in the District of Arizona, defendant Lynda Villasenor did knowingly and voluntarily devise a scheme or artifice to defraud Henry Parmley and Maria Quijada, and for purposes of executing or concealing such scheme or artifice to defraud, or attempting to do so, Villasenor did file in Parmley's name, but without his knowledge, a petition in bankruptcy under Tile 11 United States Code, all in violation of Title 18 United States Code, Section 157.

A TRUE BILL

Presiding Juror

DENNIS K. BURKE
United States Attorney
District of Arizona

REDACTED FOR PUBLIC DISCLOSURE

JUN 3 0 2010

_____
Assistant U.S. Attorney

Indictment, page 3
US v. Villasenor